YARRUT, Judge.
This litigation began with a petition by Plaintiff (Drainage District), for a Declaratory Judgment to the effect that it had a right-of-way over Defendant’s land. Without objection of the parties, the trial judge converted this proceeding into a suit for specific performance.
It is undisputed that Plaintiff and Defendant entered into a contract on February 11, 1963, which provided that, in exchange for Plaintiff installing 160 feet of 54-inch culverts under three of Defendant’s driveways, Defendant would grant Plaintiff a right-of-way for levee purposes and use of the Borrow Canal under the driveways.
Defendant concedes that the 160 feet of culverts have been installed pursuant to the agreement, but contends he was in error in -entering into the contract because his original intention was to fill the entire canal and that, in order to do this, he assumed he would ,be able to install 54-inch. *747 culverts in the canal because that was the size culvert installed by the Plaintiff.
Therefore, Defendant reconvened praying that the agreement entered into with Plaintiff be declared an absolute nullity or, alternatively, that Plaintiff provide and install culverts to meet the specifications required to fill the canal.
Thomas A. Fromherz, engineer for Plaintiff, testified Plaintiff always planned to use the canal as a reservoir for drainage water, and that if it were filled according to Defendant’s plan, it would “just about nullify the effect of the drainage system.” He further testified that, in the event the canal were to be filled, a much larger culvert than the 54-inch culverts presently installed would have to be used. On the other hand, Defendant testified it was always his intention to fill the canal, but that Plaintiff would not allow him to install 54-inch culverts and required that a larger size culvert be used to tie into the present system.-
The judgment of the trial court was as follows: (1) Defendant was ordered to' make available to Plaintiff the right-of-way agreed upon, and (2) Plaintiff was ordered to allow Defendant to lay 54-inch culverts in the canal and then fill up the remainder. Plaintiff appealed, but Defendant neither appealed nor answered Plaintiff’s appeal. Although Plaintiff appealed from the entire judgment, it, of . course, did not, either in' brief or oral argument, contest that part of the judgment favorable to it, i. e., the granting of the' right-of-way. Therefore we need not con- ; sider this issue on appeal.
Accordingly, the sole question before us '. is whether Defendant should be allowed to fill in the canal, using 54-inch culverts, because he was in error in assuming he would be allowed to do so when he entered into the agreement with Plaintiff. We find' Defendant does not have such a right. By ' the unambiguous terms of his contract with ■ Plaintiff, he granted Plaintiff complete ' dominion over the canal and could not, by.' the terms of the agreement, have been led ' to believe he would be permitted to fill in the canal in whatever manner he chose, or more- specifically, that he would be allowed to use 54-inch culverts in the canal. . '
The pertinent part of the contract reads as follows:
“The parties hereto further declared that. within the bortndary of said District there is a canal known as the Borrow Canal which lies adjacent to and runs parallel with the Airline Highway, which said canal forms a part of the right-of-way acquired by the Department of Highwaysjand GRANTEE [Plaintiff] must have the use of said canal, now and permanently, and free of all objections, hindrances and interferences, so as to properly install and maintain its drainage system.
“THEREFORE, GRANTOR [Defendant] does hereby acknowledge that GRANTEE is entitled to and vested in the free and unobstructed use of said Borrow Canal to install and maintain its drainage system and GRANTOR binds himself, his heirs, successors and assigns not to interfere with nor object to GRANTEE’S use of said Borrow Canal.”
. "Furthermore, a resolution of November, 4, 1959, passed by the Plaintiff’s Board of Commissioners, provides as follows:
“NOW THEREFORE, BE IT RESOLVED by the Board'.of Commissioners of Gravity Draináge District No. '2 of St. Charles, Parish ' that no person, persons, firm or corporation shall install any culverts in the. gravity drainage/ canals,. ditches or drains within the boundaries of -said Gravity Drainage; District No. 2 without first obtaining the permission of this Board.” . .
Therefore,. Defendant is .precluded from. proceeding with his project because (1) it contravenes the terms of the contract which he entered into and'which the Plaintiff has., admittedly fulfilled; . and. (2) he has not. complied with the regulations of the Plain *748 tiff by obtaining its permission to install the culverts in question.
For the above reasons the judgment appealed from is affirmed insofar as it grants the right-of-way to Plaintiff, and is reversed insofar as it grants Defendant permission to fill in the Borrow Canal and to install therein 54-inch culverts. Defendant is to pay all costs in both courts.
Judgment affirmed in part and reversed in part.